UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEO WEST,

    *Plaintiff*,

v.

JACK BERMAN, *et al.*,

    *Defendant*.

Civil Action No. 1:25-cv-02590 (UNA)

## MEMORANDUM OPINION

Before the Court is Plaintiff Leo West's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application and, for the reasons explained below, dismisses this matter without prejudice.

West, a resident of the District of Columbia, sues several members of Congress, whom he refers to as "Governors." *See* Compl. at 1–6. The allegations are sparse and vague. Plaintiff alleges that Defendants violated 18 U.S.C. § 1001 by making contradictory and "fraudulent statements" regarding a "government shelter." *See id*. at 6. The remainder of the Complaint consists of mere phrases, presented without context in sentence fragments or less, for example, "access housing/veteran affairs," "confusing voices," and "false actuzation" [sic]. *Id*. He demands $14 million in damages. *Id.*

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's intended claims, and the allegations fall well short of stating a plausible claim or establishing the Court's subject matter jurisdiction.  Second, Plaintiff's reliance on 18 U.S.C. § 1001, a criminal statute, is misplaced because that statute does not provide a private right of action.  *See Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (per curiam).

      For all these reasons, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

DATE:  November 5, 2025

CARL J. NICHOLS
United States District Judge